UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

OTIS JONES, )
 )
 Movant, )
 )
 v. ) No. 1:07-CV-60-JCH
 )
UNITED STATES OF AMERICA, )
 )
 Respondent. )

**MEMORANDUM AND ORDER**

This matter is before the Court upon the motion of Otis Jones to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.

On August 22, 2005, movant pleaded guilty to one count of conspiracy to distribute 5 grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B); one count of interstate travel in aid of racketeering, in violation of 18 U.S.C. § 1952; and one count of manufacturing 5 grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B). He was sentenced to an aggregate term of 132 months imprisonment and a four-year term of supervised release. Movant did not appeal his conviction.

**Motion to Vacate**

Movant seeks to vacate, set aside or correct his conviction and sentence on the grounds that he received ineffective assistance of counsel, his guilty plea was unlawfully induced, his

confession was coerced, his conviction was based on unconstitutionally-obtained evidence, his rights against self-incrimination and double jeopardy were violated, the prosecution failed to disclose favorable evidence, and his conviction was obtained by the action of an unconstitutionally-selected grand or petit jury.

**Discussion**

Rule 4(b) of the Rules Governing § 2255 Cases in the United States District Courts provides that a District Court may summarily dismiss a § 2255 motion if it plainly appears that the movant is not entitled to relief.

As amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2255 now provides:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--
>
> > (1) the date on which the judgment of conviction becomes final;
> >
> > (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> >
> > (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

2

A review of the instant motion indicates that it is time-barred under 28 U.S.C. § 2255(1), and is subject to summary dismissal. Movant's conviction became final, at the latest, ten days after August 22, 2005. See Fed.R.App.P. 4(b). The instant motion was mailed to this Court on April 11, 2007, well after the expiration of the one-year limitation period.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that no order to show cause shall issue at this time as to respondent, because the instant petition appears to be time-barred.

**IT IS FURTHER ORDERED** that movant's motion for an extension of time to file the instant motion [Doc. #2] is **DENIED**.

**IT IS FURTHER ORDERED** that movant shall show cause within thirty (30) days of the date of this Order as to why the Court should not dismiss the instant motion as time-barred. Movant's failure to file a show cause response shall result in the denial of the instant motion to vacate and the dismissal of this action as time-barred.

Dated this 7th day of May, 2007.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE